JOHN McWHEENEY vs. THE CITY OF WATERBURY.

The statute which allows the joining in the same declaration of trespass on the case with trespass and also with assumpsit, does not authorize the joining of trespass with assumpsit.

Nor the joining of case, trespass and assumpsit.

TRESPASS *qu. cl. fr.*, with counts in case and assumpsit; brought to the City Court of the city of Waterbury. Special demurrer to the declaration; demurrer sustained and judgment for the defendants; motion in error to the Superior Court, and case reserved by that court for advice. The case is fully stated in the opinion.

*J. O'Neil*, with whom was *J. W. Webster*, for the plaintiff.

*S. W. Kellogg*, for the defendants.

CARPENTER, J. The plaintiff in his declaration joined counts in trespass with counts in assumpsit. The defendants demurred specially. The City Court of Waterbury sustained the demurrer. The plaintiff brought the cause before the Superior Court by motion in error, and that court reserved it for the advice of this court.

We think the demurrer was well taken. The courts of this state have uniformly adhered to the common law forms and mode of pleading except so far as they have been changed or modified by statute. The statute now in force allows the joinder of case with trespass, and case with assumpsit, when the counts are for the same cause of action; but we have no statute allowing trespass and assumpsit to be joined.

It is claimed however that inasmuch as there are counts in case in this declaration, and as case may be joined with assumpsit and also with trespass, therefore the three—case, trespass, and assumpsit, may be joined.

We think that is extending the statute beyond its obvious meaning, and beyond the real intention of the legislature. When it is desirable that assumpsit and trespass shall be joined in one declaration the legislature will doubtless say

so. Until then it is wiser and safer to adhere to the usual and time honored practice.

We advise the Superior Court that there is no error in the judgment of the City Court.

In this opinion the other judges concurred.